SMITH v. STATE INDUSTRIAL COMMIS-
SION et al.

No. 11985—Opinion Filed June 14, 1921.

(Syllabus.)

Master and Servant—Workmen's Compensation—Refusal of Industrial Commission to Modify Award—Reversal.

For the reasons stated in the opinion, the action of the commission complained of is reversed, and the cause remanded, with directions to modify the award as prayed for.

Error from State Industrial Commission.

From refusal of State Industrial Commission to modify award in favor of R. E. Smith in workmen's compensation case, he brings error. Reversed and remanded.

J. W. Callicotte, for petitioner.

Wm. A. Sipe, for respondents.

KANE, J. This is an appeal from the action of the State Industrial Commission in overruling the petitioner's motion to modify an award in a workmen's compensation case. It seems that the petitioner while in the employ of the Guffey-Gillespie Oil Company received an injury which then and there resulted in hernia; that the State Industrial Commission made a hernia award of $16.73 per week during his disability following said operation, and continuing thereafter until his recovery from said operation. Thereafter the petitioner filed his motion praying that the award be modified so as to allow his compensation from the date of his injury. In other words, the petitioner accepted each and every condition of said hernia award except that part allowing compensation from the date of said operation, his sole contention being that under the applicable section of the compensation statute he was entitled to compensation from the date of the injury. In support of this contention counsel for petitioner calls our attention to section 3, chap. 14, p. 17, Sess. Laws 1919, which reads as follows:

"No compensation shall be allowed for the first seven days of disability except the benefit provided for in section 4 of this article. Provided, that should disability continue for twenty-one or more days compensation shall be computed from the date of the injury."

This contention seems to be conceded by the respondents, as there is no brief filed in their behalf. The record before us discloses that the injury occurred on the 19th day of October, 1920, and that the award was made on December 4, 1920, a period of more than 45 days of total temporary disability. The section of the statute just cited provides that "should disability continue for twenty-one or more days compensation shall be computed from the date of injury." In view of this statute and the duration of petitioner's disability it seems quite clear that the commission should have sustained the petitioner's motion.

For the reasons stated in the opinion, the action of the commission complained of is reversed, and the cause remanded, with directions to modify the award as prayed for.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.